**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHELLE WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| HALSTED FINANCIAL SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MICHELLE WELLS (Plaintiff), through her attorneys, KROHN & MOSS, LTD.,

alleges the following against Defendant, HALSTED FINANCIAL SERVICES (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Illinois, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

## PARTIES

6.  Plaintiff is a natural person residing in New Prague, Scott County, Minnesota.

7.  Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9.  Defendant is a collection agency headquartered in Evanston, Cook County, Illinois.

## FACTUAL ALLEGATIONS

10. Defendant  places collection calls to Plaintiff seeking and demanding payment for an alleged debt (Case #: 77471).

11. Defendant places telephone calls without meaningful disclosures of the caller's identity (see the transcribed voicemail message attached as Exhibit A).

12. Defendant falsely represented that the communication is from a law office or an attorney (see Exhibit A).

13. Defendant failed to disclose in subsequent communications that the call was from a debt collector (see Exhibit A).

14. Defendant uses a business name other than the true name of the business (see Exhibit A).

15. Defendant threatened to take legal action against Plaintiff, but has not done so (see Exhibit A).

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16. Defendant violated the FDCPA based on the following:

    a.  Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural

consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

b. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt.

d. Defendant violated *§1692e(3)* of the FDCPA by falsely representing that the call is from a law firm or attorney.

e. Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal action against Plaintiff even though Defendant has not and does not intend to take such action.

f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt.

g. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

h. Defendant violated *§1692e(14)* of the FDCPA by using a business name other than the true name of the collector's business.

WHEREFORE, Plaintiff, MICHELLE WELLS, respectfully requests judgment be entered against Defendant, HALSTED FINANCIAL SERVICES, for the following:

17. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

18. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

19. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MICHELLE WELLS, demands a jury trial in this case.

Dated:  May 27, 2010

RESPECTFULLY SUBMITTED,

By:  /s/ Michael S. Agruss
        Michael S. Agruss
        Attorneys for Plaintiff
        Krohn & Moss, Ltd.
        120 W. Madison Street
        10th Floor
        Chicago, IL 60602
        Tel: 323-944-2400 x235
        Fax: 866-620-2956
        magruss@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA

Plaintiff, MICHELLE WELLS, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MICHELLE WELLS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

8/2/2010
_____
Date

_____
MICHELLE WELLS

# **Exbibit A**

## **Michelle Wells v. Halsted Financial Services**

Hi, this message is for Michelle Wells. My name is Tim Bernstein, I am calling for Halsted Legal. Reason why I have been trying to reach you Ms. Wells, I have verified employment at your job. I did call your job, unfortunately some very rude people at your job would not transfer me to you to go ahead and speak to you about this pending legal matter that has been filed against you. Now, Ms. Wells, I have left numerous messages for you. I have left voice mails. I need a call back immediately. I cannot keep dragging around this. If you want to go ahead and ignore this by all means, you are the one who will be you know facing the negative repercussions, but as right now, Ms. Wells, as I stated this is a pending legal matter and the issue is time sensitive. You have until, let us see here, looking over your paperwork, you have until actually Monday, until this process is with our legal team to give me a call back and go ahead and help yourself out. If I do not receive a phone call back by then like I stated the negative repercussions will be put forth and just by you not even picking up a phone call or returning a phone call to be informed of what is going on in regards to yourself it will affect you. So, if you want to help yourself out madam, like I said my name is Tim Bernstein, I am the legal department here. Please give me a call back as soon as possible. My number is 1-800-284-6066, extension 707, your case number is 77471. Once again, Ms. Wells, if I do not receive your phone call back from you by Monday, I am stating no cooperation on your part and I will go ahead and process with the legal team. Thank you very much